## AFFIDAVIT

I, Yaritza I. Baez, do hereby depose and state:

## AGENT BACKGROUND

1. That I am a Task Force Officer (TFO) with Homeland Security Investigations (HSI) and have for approximately six (6) years. Your affiant is, therefore, and officer of the Unites States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Title 19, United States Code, Section 1401(i) and is authorized to enforce all Customs and related laws, conduct searches, make seizures and arrests, and perform other law enforcement duties authorized by law. Your affiant is currently assigned to the Homeland Security Investigations (HSI) Ponce, Puerto Rico Office and is conducting investigations of organized crime, money laundering, narcotics, child pornography, immigration violations among other investigations. Before being employed by HSI, your affiant served as a criminal investigator for the Puerto Rico Police Bureau (PRPB) Criminal Investigations Division in San Juan, Puerto Rico for approximately nine (9) years.

2. I have drafted this Affidavit for the limited purpose of establishing probable cause for the violations listed on the attached Criminal Complaint and therefore have not included all the facts of this investigation. Based upon my personal knowledge and information furnished to me by other federal and state law enforcement officers, I am fully aware and allege the following facts to be true and correct:

## FACTS SUPPORTING PROBABLE CAUSE

3. On April 17, 2025, at approximately 7:40am, PRPB Caguas Narcotics Unit (PRPBCNU) agents executed search warrants at a residence located in Rd 789 Percelas Tomás de Castro II Calle 3, Caguas, Puerto Rico. According to PRPBCNU agents, the house is a two-story residential structure with exterior access to both stories and interior access from first floor to second floor. Agents had two judicially issued search warrants: one for each floor of the building. Upon arriving at the property, agents observed that a subject identified as David GONZAZEZ-Olmo AKA: CAGUITA attempted to avoid the agents serving the warrant trying to flee though a window located at the second floor of the structure. His common law wife was sleeping in a bedroom on the second floor.

4. While trying to flee, GONZALEZ-Olmo was detained by agents at the scene. Upon GONZLEZ-Olmo's detention agents proceeded to serve the warrant and began at the search at the first floor of the structure. Agents removed some foam ceiling tile in which they found the following items: One (1) Rifle Century Arms 7.62x39 Cal, black in color, serial number SV7028475, one (1) Rifle Pistol Draco 7.62x39 Cal, black in color, serial number RAS47107879, one (1) Rifle Pistol Draco 7.62x39 Cal, black in color, serial number M92PV054039, eight (8) rifle magazines 7.62x39 Cal, two (2) drum type 7.62x39 Cal rifle magazines, four hundred (400) rounds of 7.62x39

2

Cal ammunition and fourteen (14) rounds .40Cal ammunition. On the second floor in the same bedroom where agents found the wife, they found approximately seven thousand (7,000.00) in US Currency in a drawer. The also found marihuana in the kitchen. Agents also found two cellular telephones on the second floor. Also on the second floor, on top of a kitchen counter, agents also found the key that opens an interior door that accesses the first floor of the structure. While conducting the search, agents placed GONZALEZ-Olmounder arrest and immediately advised of his rights against self-incrimination in the Spanish language. See pictures below:






5. While in custody on the first floor of the residence and in front of the rifles and other evidence agents had just found, GONZALEZ-Olmo said to PRPB Agent Perez that everything was his and that his wife had no knowledge of it.

6. While PRPB agents and GONZALEZ-Olmo were at the scene, the mother of GONZALEZ-Olmo arrived at the residence and stated that she rented both stories of the residence.

7. GONALEZ-Olmo was transported to Caguas PRPB headquarters for further processing. His common-law wife was also detained for further investigation. While there, GONZALEZ-Olmo recanted his previous admission, stating that they didn't catch him with the items on him and that he doesn't go to lower floor of the residence.

8. During the same date at approximately 12:19pm, HSI agents arrived at Caguas PRPB Headquarters. When GONZALEZ-Olmo saw the federal agents, he asked Agent Perez for help and stated again that everything was his and that his wife had nothing to do with it. HSI later interviewed GONZALEZ-Olmo. Before the interview, HSI agents again read GONZALEZ-Olmo his rights against self-incrimination in the Spanish language. GONZALEZ-Olmo understood his rights and voluntarily waived them in writing. Upon being questioned by HSI agents, GONZALEZ-Olmo stated that he arrived at the residence on today's date at approximately 4:00am. He said that while at the residence he heard a noise and thought that he was being robbed, which was why he attempted to exit the premises through the second floor of the structure. Upon being questioned about the evidence found by PRPBCNU, he stated that if they would release his common law wife he would accept that everything was his. He mentioned that the money was for a baby shower.

9. At approximately 12:30pm, HSI Ponce agents took custody of GONZALEZ-Olmo and the evidence. GONZALEZ-Olmo and the evidence were processed at the HSI Ponce Office facilities.

10. Further investigation revealed that GONZALEZ-Olmo had been previously convicted of a felony crime punishable for a term exceeding one (1) year of imprisonment. He admitted to HSI agents that he was sentenced to a 7 year term of imprisonment, for which he served 5 years. In addition, at the time of his arrest, GONZALEZ-Olmo was under electronic supervision for a case at the state level that is currently at the jury selection stage. For the referred case, GONZALEZ-Olmo was already arraigned. Therefore, he is under indictment for purposes of Title 18, United States Code, Section 922(n). See, *Quinones v. United States*, 161 F.2d 79 (1st Cir. 1947).

## CONCLUSION

11. I know from my training and experience that no firearms, including the Century Arms Rifle 7.62x39 Cal, black in color, serial number SV7028475, the Rifle Pistol Draco 7.62x39 Cal, black in color, serial number RAS47107879, and the Rifle Pistol Draco 7.62x39 Cal, black in color, serial number M92PV054039, are manufactured in the Commonwealth of Puerto Rico and therefore, the investigation concluded this firearm was shipped or transported in interstate or foreign commerce.

Based facts described in this affidavit, there is probable cause that David GONZAZEZ-Olmo AKA: CAGUITA committed violations of United States federal laws, to wit: Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 922(n).

4

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Yaritza I. Baez
Task Force Officer
Homeland Security Investigations

**Subscribed and sworn** ~~~~~~~~ **pursuant to FRCP 4.1 at** ___5:34PM___ **by telephone, this** ___17th___ **day of April, 2025**.

_____
**Honorable Marshal D. Morgan**
**UNITED STATES MAGISTRATE JUDGE**
**DISTRICT OF PUERTO RICO**